**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

HIGHTEX USA, LLC,

    Plaintiff,

               v.

EW CORPORATION INDUSTRIAL
FABRICATORS,

    Defendant.

Civil Action No.
1:21-cv-00900-SDG

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Claim for Damages and Motion for Entry of Final Judgment [ECF 22]. For the following reasons, the Court awards Plaintiff **$390,312.18** in total damages and **DIRECTS** that final judgment be entered in Plaintiff's favor.

**I.      Factual Background**

On January 31, 2022, the Court granted Plaintiff Hightex USA, LLC's motion for default judgment against Defendant EW Corporation Industrial Fabricators.[1] Accordingly, the following well-pled allegations from the Complaint are deemed admitted as a result of EW's default. *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1365 (N.D. Ga. 2011).

---

[1]      ECF 21.

Hightex worked on a project at the Hartsfield-Jackson Atlanta International Airport to install a large canopy system (the Canopy Project).[2] On September 16, 2019, Hightex entered into a Purchase Order with Defendant EW Corporation Industrial Fabricators (EW) for EW to ship fabricated structural steel and other materials to the airport for Hightex use on the project (the Agreement).[3] The Agreement required that EW provide "satisfactory" evidence that it had paid all of its suppliers and subcontractors before Hightex would become obligated to pay EW for its services.[4]

In late 2019, EW shipped the materials to the airport.[5] They were, however, nonconforming.[6] On February 20, 2020, EW requested partial payment of $213,000 for its work.[7] In connection with that request, EW represented to Hightex in a lien waiver (the First Lien Waiver) that all of EW's materials suppliers and

---

[2]   ECF 1, ¶ 7.

[3]   *Id.*

[4]   *Id.* ¶ 8; ECF 1-1, at 4 ¶ 3.

[5]   ECF 1, ¶ 9.

[6]   *Id.* ¶ 10.

[7]   *Id.* ¶ 11.

subcontractors had been paid in full.[8] Those representations were false.[9] The First Lien Waiver was intended to induce Hightex to release the partial payment to EW.[10] Hightex relied on the representations in the First Lien Waiver and made the partial payment to EW.[11] On March 5, 2020, EW requested a second partial payment based on a second lien waiver (the Second Lien Waiver).[12] That waiver also falsely represented that EW's suppliers and subcontractors had been paid in full and was intended to induce Hightex to make another partial payment.[13] Because of these breaches, Hightex terminated the Agreement on March 28, 2020.[14]

As a result of EW's failure to fully pay its suppliers and subcontractors, one of them, American Pipe Products, Inc., filed an action against the bond Hightex had secured for the Canopy Project.[15] The bonding company therefore drew down on Hightex's irrevocable letter of credit and Hightex had to obtain alternative

---

8    *Id.* ¶¶ 11–12.

9    *Id.* ¶ 15.

10   *Id.* ¶¶ 15, 17.

11   *Id.* ¶¶ 19–20.

12   *Id.* ¶ 21.

13   *Id.* ¶¶ 22–24.

14   *Id.* ¶ 32.

15   *Id.* ¶¶ 25–26, 33.

performance for the work and materials owed under the Agreement.[16] Hightex

also asserts that it suffered inconvenience, reputational harm, and other damages

as a result of EW's conduct.[17]

## II.    Procedural History

On March 3, 2021, Hightex filed its Complaint.[18] It asserted claims for breach

of contract, fraud, money had and received, bad faith, and punitive damages.[19] On

May 17, EW answered and asserted counterclaims against Hightex and Talisman

Casualty Insurance Company, LLC (Talisman).[20] Those counterclaims were for

breach of contract, payment on bond, and unjust enrichment.[21] Hightex answered

the counterclaims.[22] It does not, however, appear that Talisman was ever served

with process and it has not otherwise appeared in this action.[23]

---

[16]   *Id.* ¶ 33.

[17]   *Id.*

[18]   ECF 1.

[19]   *Id.*

[20]   ECF 7.

[21]   *Id.*

[22]   ECF 10.

[23]   *See generally* Docket.

Although EW was originally represented by counsel, its attorneys sought permission to withdraw.[24] On November 19, 2021, the Court granted their motion and directed EW to obtain new counsel within 21 days.[25] Despite that directive, no new counsel has appeared on behalf of EW.[26] Therefore, on December 20, Hightex moved for entry of a default judgment against EW.[27] On January 31, 2022, the Court granted that motion in favor of Hightex as to EW's liability on Hightex's claims and as to Hightex's liability on EW's claims. The Order further directed Hightex to submit evidence of its damages.[28] Hightex complied, and on March 2, it filed its claim for damages and motion for entry of final judgment.[29]

## III.   Discussion

Hightex acknowledges that it is only entitled to one recovery, in spite of its multiple causes of action.[30] It asserts that the principal damages it seeks may fully be recovered under its breach of contract (Count I) and fraud (Count II) claims.

---

[24]   ECF 17.

[25]   ECF 18.

[26]   *See generally* Docket.

[27]   ECF 19.

[28]   ECF 21.

[29]   ECF 22.

[30]   *Id.* at 4 ¶ 8.

Hightex also seeks its attorneys' fees and expenses under O.C.G.A. § 13-6-11

(Count IV).[31] It declined to pursue its claims for money had and received (Count

III) and for punitive damages (Count V).

Hightex performed all its obligations under the Agreement and EW

materially breached the contract.[32] It is therefore entitled to contract damages.

Accordingly, the Court does not address Hightex's fraud claim since any award

for such damage would be duplicative of contract damages.

### a.   Compensatory Damages

Under Georgia law,[33] damages for breaches of contract are "given as

compensation for the injury sustained as a result of the breach." O.C.G.A. § 13-6-

1. This means those damages that "arise naturally and according to the usual

course of things from such breach and such as the parties contemplated" when the

contract was entered into. *Id.* § 13-6-2. Remote or consequential damages cannot

be recovered unless they are traceable solely to the breach or capable of exact

---

[31]   *Id.* at 4 ¶ 9, 5 ¶ 10, 6 ¶ 13, 7 ¶ 15.

[32]   ECF 1, Count I.

[33]   Under the parties' contract, the dispute is governed by Georgia law. ECF 1-1, at 4 ¶ 18 ("The terms and conditions of this order shall be construed and interpreted under, and all respective rights and duties of the parties shall be governed by the laws of the State in which the Job resides.").

computation. *Id.* § 13-6-8. Moreover, "as far as is practicable," a plaintiff is required

to lessen the damages it suffers as a result of a contract breach. *Id.* § 13-6-5.

Hightex seeks recovery of the following amounts because of EW's breach:

| Type of Damage | Amount |
|---|---|
| EW's failure to pay its suppliers | $107,448.74 |
| Delay | $42,042.21 |
| Defects in Painting | $64,554.00 |
| Defects in Engineering/Fabrication | $125,114.45 |
| Interest | $91,573.03 |

Although the underlying factual allegations supporting the breach of contract

claim are deemed admitted, the type and amount of Hightex's damages are not.

*Frazier*, 767 F. Supp. 2d at 1365. To support the damages it seeks, Hightex provided

the declaration of Douglas Radcliffe, who was project manager for the Canopy

Project.

As project manager, Radcliffe was responsible for "negotiating and

contracting with suppliers and/or subcontractors, verifying receipt of conforming

goods and materials from suppliers . . . ensuring proper payment to suppliers and

subcontractors, [and] quality control for the materials and services provided by

Hightex."[34] Specifically, Radcliffe negotiated and reviewed the Agreement, evaluated EW's materials and services, and processed the lien waivers.[35] He was also responsible for engaging the new suppliers Hightex had to obtain to provide replacement and corrective work as a result of EW's breach.[36]

### i.    Amounts related to EW's failure to pay its suppliers

A portion of the partial payment Hightex made to EW was to have been used to pay certain of EW's suppliers. Despite this, EW failed to pay at least two such suppliers and Hightex had to pay them directly. Radcliffe attests that Hightex paid $97,734.78 to American Pipe and $9,713.96 to PPG Architectural Finishes, Inc. (PPG).[37] Those amounts are further supported by documentary evidence.[38] These damages stem directly from EW's breach. Accordingly, Hightex is entitled to recover $107,448.74 because of EW's failure to pay its own suppliers.

---

[34]    ECF 22-1, ¶ 4.

[35]    *Id.* ¶ 5.

[36]    *Id.*

[37]    ECF 22, ¶ 7.

[38]    ECF 22-1, at 12–20 (American Pipe); *id.* at 22–25 (PPG).

### ii.   Delay

Because there were other contractors working on the Canopy Project, Hightex was obligated to perform its work on a predetermined schedule.[39] When Hightex had to engage other suppliers to cover after EW's breach, it resulted in various delays. According to Radcliffe, Hightex had to "(1) stay engaged on the job longer, (2) extend rental of a crane tower, used to install the structural steel, and (3) incur additional labor costs to make up for lost time."[40] As a result, Hightex executed a change order that deducted $36,600 from the amount it was to have earned on the Canopy Project.[41] *Crosby v. Spencer*, 207 Ga. App. 487, 488 (1993) (noting that lost profits are recoverable as damages if shown with reasonable certainty). Hightex also paid a total of $5,442.21 in additional rental fees to two different vendors for equipment used on the project. These amounts are also supported by documentary evidence,[42] and Hightex is entitled to recover them. These "delay" damages total $42,042.21.

---

[39]   *Id.* ¶ 8.

[40]   *Id.*

[41]   *Id.*

[42]   *Id.* at 27–48.

### *iii.* **Defects in Painting**

One of the ways in which the fabricated structural steel EW provided to Hightex was nonconforming was its failure to comply with the painting requirements in the Agreement. To correct this problem, Hightex engaged Goodman Decorating Co., Inc. to repaint aspects of the structural steel. This damaged Hightex in the amount of $64,554, and this amount is supported by documentary evidence.[43] Hightex is therefore entitled to recover this amount.

### *iv.* **Defects in Engineering/Fabrication**

Radcliffe's declaration explains that the structural steel EW provided also did not conform to the fabrication and engineering requirements in the Agreement.[44] Hightex was therefore required to use other suppliers and engineers, and to extend Radcliff's work as project manager in order to correct these issues.[45] It paid Walter P. Moore & Associates, Inc. $19,370 for engineering services; Superior Rigging & Erecting Co. $23,494.45 to correct fabrication errors; ZDI, LLC $60,000 to repair the structural steel; and Radcliffe $22,500 in additional project

---

43   *Id.* ¶ 9; *id.* at 52–58.

44   *Id.* ¶ 10.

45   *Id.*

management fees.[46] These amounts are further supported by additional documentary evidence.[47] Because Hightex incurred these damages as a natural consequence of EW's breach, Hightex is entitled to recover them, for a total of $125,364.45.[48] O.C.G.A. § 13-6-2.

### v.    Interest

Finally, Hightex seeks to recover interest on these compensatory damages starting from the time it made a demand on EW for payment—August 14, 2020.[49] Radcliffe calculates the interest at 1.5% per month, for a total of $91,573.03.[50] Although Hightex asserts that this total is correct, it concedes that the math reflected in Radcliffe's declaration is not.[51] More importantly, while Radcliffe attests that 1.5% per month is the interest "that is due in a commercial context,"[52] neither he nor Hightex point to any authority for the application of this rate to

---

[46]   *Id.* Radcliffe's declaration reflects this amount as $23,49**5**.45. The supporting invoice, however, shows that the amount is $23,49**4**.45. *Compare id.* ¶ 10 *with id.* at 63. The Court therefore uses the invoiced amount.

[47]   *Id.* at 60–73.

[48]   Radcliffe's declaration incorrectly totals the damages for these fabrication and engineering defects as $125,**114**.45.

[49]   *Id.* ¶¶ 12–15.

[50]   *Id.* ¶ 16.

[51]   ECF 22, at 6 n.1.

[52]   ECF 22-1, ¶ 13.

Hightex's damages award. The Agreement itself provides no basis for the accrual of interest on these amounts and there is no demand in the Complaint for such damages.[53] Accordingly, Hightex is not entitled to recover prejudgment interest.

Radcliffe also requests that Hightex be awarded post-judgment interest, although the Complaint does not seek such an award.[54]

### vi.   Total of Compensatory Damages

As discussed above, Hightex is entitled to recover the following amounts in compensatory damages:

| Type of Damage | Amount |
|---|---|
| EW's failure to pay its suppliers | $107,448.74 |
| Delay | $42,042.21 |
| Defects in Painting | $64,554.00 |
| Defects in Engineering/Fabrication | $125,364.45 |
| **Total** | **$339,409.40** |

---

[53]   *See generally* ECF 1, 1-1.

[54]   *Compare* ECF 22-1, ¶ 20 *with* ECF 1 *generally*.

### b.    Attorneys' Fees

In addition to compensatory damages, Hightex also seeks attorneys' fees and expenses of litigation under O.C.G.A. § 13-6-11.[55] This bad-faith litigation statute

> authorizes the finder of fact to make an award of attorney fees and other expenses of litigation where (1) the plaintiff specially pleads and prays for such an award, and (2) the finder of fact finds that the defendant acted in bad faith in the underlying transaction or that, after the transaction on which the cause of action is predicated, the defendant was stubbornly litigious or caused the plaintiff unnecessary trouble and expense.

*Wilson v. Redmond Constr., Inc.*, 359 Ga. App. 814, 816 (2021) (citing *Horton v. Dennis*, 325 Ga. App. 212, 216 (2013)). Such an award is authorized where there has been bad faith in carrying out provisions of a contract. *Id.* (citing *Oglethorpe Power Corp. v. Estate of Forrister*, 332 Ga. App. 693, 706 (2015)).

Here, the Complaint sufficiently details EW's acts of bad faith. First, it knowingly sent Hightex false lien waivers to induce Hightex to make payments to which EW was not entitled under the Agreement.[56] Next, EW "devised a plan" to try to force Hightex "to abandon or significantly compromise its claims," using

---

[55]    ECF 1, Count IV.

[56]    *Id.* ¶¶ 12–15, 21–24.

implicit and explicit threats.[57] Despite knowing it had breached the parties'
Agreement, EW threatened to file false claims against the bond Hightex had
posted in connection with the Canopy Project.[58] EW did so for the purpose of
damaging Hightex's business reputation and to indicate that it was willing to
present false information in order to avoid paying Hightex the amounts owed.[59]
By virtue of its default, EW admits these allegations. *Frazier*, 767 F. Supp. 2d at
1365. There is, therefore, no "bona fide controversy" as to EW's liability. *Wilson*,
359 Ga. App. at 818.

Hightex seeks $48,056 in fees and $2,846.78 in expenses.[60] It supports these
amounts with the Declaration of Steven G. Hall, its lead counsel in this action.[61] To
assess the reasonableness of the requested fees, the Court applies the traditional
lodestar test—the reasonable hours expended by counsel times reasonable hourly
rates. *Circle Y Constr. v. WRH Realty Servs., Inc.*, 721 F. Supp. 2d 1272, 1282–85
(N.D. Ga. 2010) (applying lodestar to determine reasonable attorneys' fees award
under O.C.G.A. § 13-6-11).

---

[57]  *Id.* ¶¶ 35, 39.

[58]  *Id.* ¶ 36.

[59]  *Id.* ¶ 37.

[60]  ECF 22, ¶ 15; ECF 22-1, ¶ 17; ECF 22-2.

[61]  ECF 22-2, ¶ 2.

Hightex employed three attorneys and a paralegal on this action.[62] Billing rates for these professionals ranged from $215 to $650 per hour. Hill has practiced law for over 25 years and is a shareholder at Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. (Baker Donelson)[63] His hourly rate for this litigation was reduced from his standard rate of $595 to $495.[64] Linda A. Klein also worked on this litigation. She, too, is a shareholder at Baker Donelson and has over 30 years' experience. Her hourly rate ranged from $545 to $650.[65] Jonathan J. Stuart was the junior attorney on the case. His regular hourly rate was reduced from $260 to $215.[66] Dawn W. Payne was the paralegal and she has more than 25 years' experience. Her regular hourly rate was reduced from $265 to $230.[67] Based on the evidence concerning the qualifications of each timekeeper, and the undersigned's

---

[62]   *Id.* ¶ 5. Hightex does not seek amounts related to work performed by any other legal professionals on its behalf. *Id.*

[63]   *Id.* ¶¶ 2, 6.

[64]   *Id.* ¶ 6.

[65]   *Id.* ¶ 7.

[66]   *Id.* ¶ 8.

[67]   *Id.* ¶ 9.

own experience and familiarity with the legal market in this district, the Court finds that these rates are reasonable for this type of action.[68]

Hightex seeks to recover for 125.7 hours of time expended by these timekeepers.[69] That work included (among other things) researching Hightex's claims and defenses, preparing the Complaint, responding to EW's counterclaim, filing a motion to compel discovery from EW, and preparing the motion for default judgment and documents supporting Hightex's claim for damages.[70] Although Hall himself performed much of the initial work on this matter, the bulk of drafting documents filed with the Court was performed by Stuart.[71] The expenses Hightex seeks to recover are for the initial case-filing fee and amounts related to electronic data hosting of case materials.[72]

The Court has reviewed Hall's declaration and the supporting detailed billing statements. It concludes that the fees incurred and hours expended on this

---

[68]   *Id.* ¶¶ 6–10, at 13–15 (Thompson Reuters Peer Monitor Service Reports average rates charged by Am Law 100 Firms in the Atlanta Market).

[69]   *Id.* ¶ 15.

[70]   *See generally* Docket; ECF 22-2, at 17–58.

[71]   *See generally* ECF 22-2, at 17–56.

[72]   *Id.* at 58.

matter were reasonable. Hightex is entitled to recover $48,056 for attorneys' fees and $2,846.78 in expenses.

## IV.    Conclusion

The Clerk is **DIRECTED** to enter final judgment in favor of Plaintiff in the amount of **$390,312.18** on its claims and in favor of Plaintiff on Defendant EW Corporation Industrial Fabricators' counterclaims. Defendant shall take nothing on its counterclaims. The Clerk is further **DIRECTED** to close this case.

**SO ORDERED** this 31st day of May, 2022.

_____
Steven D. Grimberg
United States District Court Judge